

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| CHARLIE BANKS (D.O.C. #391117) | DOCKET NO. 09-CV-1139; SEC. P |
| VERSUS | JUDGE JAMES T. TRIMBLE, JR. |
| WINN CORRECTIONAL CENTER, ET AL. | MAGISTRATE JUDGE JAMES D. KIRK |

### REPORT AND RECOMMENDATION

Before the court is the pro se civil rights complaint (42 U.S.C. § 1983) of Charlie Banks, filed on July 7, 2009. Banks is an inmate in the custody of the Louisiana Department of Public Safety and Corrections (LDOC), and he is incarcerated at Winn Correctional Center (WCC) in Winnfield, Louisiana. Plaintiff complains of dangerous conditions at WCC, resulting in a "slip and fall" accident. He seeks damages for failure to protect and a denial of medical care. Plaintiff has named as defendants WCC, James LeBlanc, LDOC, CCA of Tennessee, Virgil Lucas, Tommy Clover, Timothy Wilkinson, Cheryl Wiley, Nicole Scott Walker, Tim Morgan, Angie Martin, Alfonzo Pacheco, Pat Thomas, Mary Fobbs, Lt. Calvin Hays Jr., and roofing and maintenance supervisor Ben Atwell.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

### STATEMENT OF THE CASE

Plaintiff alleges that he has been housed in a primitive and unsafe environment in the Ash D-1 tier since February 2009.

Plaintiff claims that in March 2009, Defendant Atwell observed the roof leaking on the Ash D-1 tier. He promised Defendant that he would be right back with his tools and workforce to fix the leak. Instead, he intentionally turned a blind eye to the dangerous situation. [Doc. #1, p.5] Plaintiff alleges that Wilkinson, Morgan, Martin, Atwell, Walker, Wiley, Lucas, and Glover, also knew about the roof leak. On several occasions, inmates housed on the Ash tier showed these defendants the roof "leaking heavy drops of water leaving enough water to make a childrens [sic] swimming pool."

On April 12, 2009, all of the windows were closed, so Plaintiff did not know that it was raining outside. Plaintiff did not see the water on the floor and he slipped and fell, hitting his head on another inmate's bed and hitting his back on the floor. The other inmates called for help, and Nurse Fobbs arrived thirty minutes later with a wheelchair and an inmate orderly. Lt. Hays "snatched Plaintiff up by his shirt out of the water and threw him in the wheelchair," causing more injuries to Plaintiff's head, back and neck. [Doc. #1, p.6] Plaintiff was taken to the infirmary but then released by LPN Fobbs fifteen minutes later.

## LAW AND ANALYSIS

### I. SLIP AND FALL

Plaintiff claims that the defendants had a duty to repair a leaking roof that had been leaking rainwater for two months prior

to Plaintiff's accident. Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law. Baker v. McCollan, 443 U.S. 137, 146 (1979). As the United States Fifth Circuit Court of Appeals has observed, "'[I]t is fundamental to our federal jurisprudence that state law tort claims are not actionable under federal law; a plaintiff under section 1983 must show deprivation of a federal right.'" Price v. Roark, 256 F.3d 364, 370 (5th Cir. 2001)(quoting Nesmith v. Taylor, 715 F.2d 194, 196 (5th Cir. 1983)).

Plaintiff's allegations regarding the water on the floor raise a negligence claim that he may pursue in state court. See Marsh v. Jones, 53 F.3d 707, 712 (5th Cir. 1995) (inmate's allegation that leaking air conditioning unit made floor wet, resulting in prisoner slipping and falling, is a garden-variety negligence claim, not deliberate indifference); see also LeMaire v. Maass, 12 F.3d 1444, 1457 (9th Cir. 1993) ("slippery prison floors... do not state even an arguable claim for cruel and unusual punishment."); Benton v. Grant, 31 Fed.Appx. 160 (5th Cir. 2001)(unpublished)(no remedy under Section 1983 for injuries sustained in jail slip and fall or for claim that defendants knew of leak in ceiling and failed to repair it); McLaughlin v. Farries, 122 Fed.Appx. 692 (5th Cir. 2004)(unpublished)(inmate complained that defendants knew that a leaky air conditioner caused water to accumulate on the floor of

his cell, which inmate slipped and fell in, causing injury. Inmate's claim was one of negligence, which was not actionable under Section 1983.). Both the United States Supreme Court and the Fifth Circuit Court of Appeals have ruled that "slip and fall" negligence claims are not cognizable under §1983. See Daniels v. Williams, 474 U.S. 327 (1986).

Moreover, rights guaranteed under the Eighth Amendment are violated only if the defendants act with deliberate indifference to a substantial risk of serious harm that results in injury. Deliberate indifference requires the subjective intent to cause harm. Hare v. City of Corinth, Miss., 74 F.3d 633, 649 (5th Cir. 1996)(en banc). Plaintiff has not alleged that the defendants subjectively intended to cause harm to Plaintiff. Additionally, while Plaintiff argues that he did not know it was raining because the windows were closed, he alleged that the roof leaked enough water to fill a children's swimming pool and that he knew of the leaky roof for two months prior to the accident. Plaintiff's slip and fall claim should be dismissed.

## II. MEDICAL CARE

To the extent that Plaintiff alleges that he was denied adequate care by Nurse Fobbs, he fails to state a cognizable claim. To state a claim under § 1983, a prisoner must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97 (1976).

In Estelle, the Court held that prison officials inflict cruel and unusual punishment if they are deliberately indifferent to an inmate's serious medical needs. Not all inadequate medical treatment rises to the level of an Eighth Amendment violation; "it is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." See id. at 106. A plaintiff must prove "objectively that he was exposed to a **substantial risk of serious harm**," and that "jail officials acted or failed to act with **deliberate indifference** to that risk," which requires actual knowledge and deliberate disregard. Victoria W. v. Larpenter, 369 F.3d 475, 483 (5th Cir. 2004), *quoting* Lawson v. Dallas County, 286 F.3d 257, 262 (5th Cir. 2002).

A showing of deliberate indifference requires the prisoner to submit evidence that prison officials refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs. See Gobert v. Caldwell, 463 F.3d 339, 346 (5th Cir. 2006). Plaintiff has not presented allegations of deliberate indifference. He believes that nurse Fobbs should have sent him to the emergency room or at least kept Plaintiff overnight in the infirmary. What Plaintiff has alleged is a disagreement with his medical treatment, which does not state a claim under the Eighth Amendment. See Norton v. Dimazana, 122 F.3d 286, 292 (5th Cir. 1997), *citing* Young v. Gray, 560 F.2d 201, 201

5

(5th Cir. 1977); Spears v. McCotter, 766 F.2d 179, 181 (5th Cir. 1985).

### III. OTHER DEFENDANTS

Plaintiff claims that Lt. Hays is liable for not calling an ambulance, for "throwing" Plaintiff in to the wheelchair without holding a medical license, for not writing an incident report, and for not filming the accident scene with a video camera.

First, even if there is a policy of filming accident scenes and writing incident reports, the failure by prison officials to comply with their own policies and procedures does not, standing alone, demonstrate a constitutional violation. See Jackson v. Cain, 864 F.2d 1235, 1251-52 (5th Cir. 1989) (noting that a state's failure to follow its own rules or regulations, alone, does not establish a constitutional violation); Hernandez v. Estelle, 788 F.2d 1154, 1158 (5th Cir. 1986) (per curiam) (rejecting an inmate's claim that TDCJ's mere failure to follow an administrative rule violated his constitutional rights).

Next, Plaintiff complains that he had fallen to the ground after slipping, and he could not get up. He claims that Lt. Hays "snatched" him up off of the floor and "threw him" into the wheelchair. To the extent that Plaintiff claims Hays used excessive force, his claim is frivolous. Plaintiff has not alleged wrongdoing that was objectively harmful enough to establish a constitutional violation. Hudson v. McMillian, 503 U.S. 1, 8

(1992). The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.' Id. at 9-10. Here, Plaintiff claims that he was unable to remove himself from the floor. Thus, some sort of force was necessary to lift Plaintiff up off of the floor and into the wheelchair without any assistance from the Plaintiff himself. Plaintiff's allegations to the contrary are entirely conclusory. Finally, Plaintiff fails to state a vicarious liability claim against the supervisory defendants.[1]

## CONCLUSION

The Court is convinced that Plaintiff has presented the best case that could be presented by him under these circumstances, and that further amendment of the pleadings would serve no useful purpose. Accepting all of Plaintiff's allegations as true,

**IT IS RECOMMENDED** that Plaintiff's claim be **DENIED** and **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim for which relief can be granted under 28 U.S.C. §1915(e)(2)(B).

**Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation**

---

[1] Vicarious liability is liability that a supervisory party (such as an employer) bears for the actionable conduct of a subordinate or associate (such as an employee) based on the relationship between the two parties. Black's Law Dictionary (8th ed. 2004).

have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. <u>See Douglass v. United Services Automobile Association</u>, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED at Alexandria, Louisiana, this 21st day of December, 2009.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE